## Commonwealth v. Gould.

*Paul A. Mueller*, assistant district attorney, for Commonwealth.
*Zimmerman, Myers & Kready*, for defendant.

ATLEE, J., April 11, 1931.—On November 18, 1930, the jury in this case, under the guidance of the trial court, rendered the two following special verdicts:

"Under Indictment No. 28, April Term, 1930, we find that, on the 8th day of March, 1930, C. M. Gould, the defendant, came to Lancaster County, Pennsylvania, and solicited one Ellis Gilbert, of Lancaster County, Pennsylvania, in an endeavor to sell to him certain class A common stock of Standard Stores, Incorporated, a Massachusetts corporation; that at that time Ellis

Gilbert was a stockholder of Standard Stores, Incorporated, having become such a stockholder by mail solicitation of Standard Stores Incorporated; that at no time was either Standard Stores, Incorporated, or C. M. Gould, registered in accordance with the terms and provisions of the Act of April 13, 1927, P. L. 283, known as the Securities Act, either as a dealer or a salesman, or in any other capacity whatsoever, nor was the corporation registered in Pennsylvania to sell its own securities; and that the stock which Gould solicited Gilbert to buy was an increase of capital stock of the Standard Stores, Incorporated. If the facts stated and the acts of the defendant as above set forth are sufficient, in the opinion of the court, to warrant a conviction of the defendant of the crime for which he has been indicted, then the jury do say that he, the said defendant, is guilty in manner and form as indicated. If they are not sufficient, then the jury find the defendant not guilty.

"Under Indictment No. 10, April Term, 1930, we find that, on the 10th day of March, 1930, C. M. Gould, the defendant, came to Lancaster County, Pennsylvania, and solicited, and sold to one Andrew Kritscher, of Lancaster County, Pennsylvania, certain class A common stock of Standard Stores, Incorporated, a Massachusetts corporation; that at that time Andrew Kritscher was a stockholder of Standard Stores, Incorporated, having become such a stockholder by mail solicitation of Standard Stores, Incorporated; that at no time was either Standard Stores, Incorporated, or C. M. Gould, registered in accordance with the terms and provisions of the Act of April 13, 1927, P. L. 273, known as the Securities Act, either as a dealer or a salesman, or in any other capacity whatsoever, nor was the corporation registered in Pennsylvania to sell its own securities; and that the stock which Gould solicited Kritscher to buy was an increase of capital stock of the Standard Stores, Incorporated. If the facts stated and the acts of the defendant as above set forth are sufficient, in the opinion of the court, to warrant a conviction of the defendant of the crime for which he has been indicted, then the jury do say that he, the said defendant, is guilty in manner and form as indicated. If they are not sufficient, then the jury find the defendant not guilty."

Under the facts set forth in the above special verdicts is the defendant guilty or not guilty on the charges contained in the two indictments on which Gould was tried? That is the question now before the court.

The Act of April 13, 1927, P. L. 273, known as the Securities Act, contains the following provision (Section 2 (11)):

"None of the following transactions shall constitute the person or company engaging therein a 'dealer' within the meaning of this act, that is to say, a sale, offer for sale, solicitation, subscription, invitation, dealing in, or delivery,"—where the transaction is "the issue of increased capital stock of a corporation sold or distributed by it entirely among its own stockholders:"

It is to be noted that the portions of the act above cited do not limit the means by which the issuing of increases of capital stock to already existing stockholders is to be accomplished. From the facts as found, both Ellis Gilbert and Andrew Kritscher were holders of the capital stock of Standard Stores, Incorporated, a Massachusetts corporation, when the increase of stock was offered to them.

The Act of 1927 excepts from the operation of the act "the issue of increased capital stock of a corporation sold or distributed by it entirely among its own stockholders," and does not limit the means by which the distribution of the increase is to be accomplished.

There is no Pennsylvania case ruling the exact question confronting the court in this case. Under the general rules of construction of statutes, a provision in a penal statute, which is favorable to the defendant, is to be interpreted liberally in his behalf. Unquestionably without the exception found in subsection eleven of section two of the Act of 1927, the defendant would have to be found guilty upon the indictments now before the court, but the exception above mentioned is favorable to the defendant and must be interpreted liberally in his behalf.

Careful examination of the facts found and reported by the jury in their special verdicts compels the court to adjudge the defendant, Charles M. Gould, not guilty upon the two indictments Nos. 10 and 28, April Term, 1930. The prosecution seems to have been brought in good faith.

Defendant not guilty and the County of Lancaster to pay the costs is the judgment directed to be entered on the two indictments before the court.

From George Ross Eshleman, Lancaster, Pa.